IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. KIM DAVIS BECKSTROM, Defendant. | ORDER DENYING MOTION TO REDUCE SENTENCE<br><br>Case No. 1:07-CR-00089-TC |

On June 16, 2010, Defendant Kim Davis Beckstrom was sentenced to life in prison. (ECF No. 186.) On January 17, 2017, his sentence was reduced to 20 years in prison by an executive grant of clemency from President Barack Obama. (ECF No. 212.) Mr. Beckstrom now asks the court to reduce his sentence further under 18 U.S.C. § 3582(c)(1)(A).[1] (ECF No. 213.)

I. **Compassionate Release**

To obtain a sentence modification, Mr. Beckstrom must present evidence showing that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).[2]

---

[1] This provision is often referred to as a the "compassionate release" statute. See United States v. Beck, No. 1:13-CR-186-6, 2019 WL 2716505 at *4 (M.D.N.C. June 28, 2019). In this order, the court uses the phrase "compassionate release" and "sentence modification" interchangeably, which is consistent with how other courts have used the terms.

[2] Before filing such a motion, a prisoner must satisfy certain procedural requirements. 18 U.S.C. § 3582(c)(1)(A). Much of Mr. Beckstrom's motion is spent explaining either how he satisfied those requirements or how the Bureau of Prisons prevented him from satisfying those requirements. Either way, the United States does not dispute that Mr. Beckstrom's motion is procedurally proper, and the court treats the motion as having complied with all relevant prerequisites.

Congress has tasked the U.S. Sentencing Commission with defining the phrase "extraordinary and compelling" and has also required that any judicial order modifying a sentence be "consistent with applicable policy statements issued by the Sentencing Commission." See 28 U.S.C. § 994(t); 18 U.S.C. § 3582(c)(1)(A).

Mr. Beckstrom's request for compassionate release is based primarily on his advanced age. As relevant here, subdivision B of the Sentencing Commission's policy permits a compassionate release when "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n.1(B) (U.S. SENTENCING COMM'N 2004). Mr. Beckstrom does not qualify for release under this provision because he is only 62 years old and because he has submitted no evidence that he is experiencing any deteriorating health conditions.

Alternatively, Mr. Beckstrom may be entitled to a sentence modification based on subdivision D of the Sentencing Commission's policy, which is a catch-all provision that permits relief when "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)."[3] Id. at cmt. n.1(D). Mr. Beckstrom argues he should be released due to the combination of his age, the fact that he has served more than half of his 20 year sentence, and the fact that if sentenced today, he would only be sentenced to 15 years in prison.

---

[3] There is a dispute among some courts regarding whether it is for the Bureau of Prisons Director or the district court to determine whether an individual prisoner should receive relief under this subdivision. This court has previously explained its view that, in light of the First Step Act of 2018, it is for the court, not the Director, to make such findings. See United States v. Maumau, Case No. 2:08-cr-00758-TC-11, 2020 WL 806121 (D. Utah Feb. 18, 2020).

This last statement is untrue. Mr. Beckstrom was convicted of possessing 50 grams or more of methamphetamine, with intent to distribute, in violation of 21 U.S.C. § 841(b)(1)(A)(viii). He also had two previous felony drug convictions on his record. Because of these earlier convictions, Mr. Beckstrom was subject to a mandatory minimum sentence of life in prison under the version of § 841 that was in effect in 2010.

Today, the mandatory minimum sentence for the same crime has been changed to 25 years in prison. See First Step Act of 2018, Pub. L. No. 115-391, § 401(a)(2)(A)(i), 132 Stat. 5194, 5220 (2018). But this means that if he was resentenced, Mr. Beckstrom would still be subject to a mandatory minimum sentence that is five years longer than the sentence he is currently serving under the grant of clemency.

The First Step Act also reduced the mandatory minimum sentence for a person with one prior felony drug conviction from 20 years to 15 years. Id. This is the provision that Mr. Beckstrom argues would apply to him if he were sentenced today. Mr. Beckstrom asserts that President Obama's executive grant of clemency was effectively a pardon for one of the two earlier felony drug convictions. In Mr. Beckstrom's view, this explains why his sentence was reduced from life in prison to 20 years: President Obama was resentencing Mr. Beckstrom (applying the version of § 841 then in effect) as though he only had one prior offense, instead of two. (Pl.'s Mot. at 6-7 (ECF No. 213).) It follows, according to Mr. Beckstrom, that if he were sentenced today, he would only have one conviction on his record and would be subject to a 15-year mandatory minimum sentence under the revised version of § 841.

There does not appear to be any evidence to support this characterization of events. President Obama's grant of clemency reduced Mr. Beckstrom's sentence to 20 years without providing any explanation for how that new sentence was calculated. (See ECF No. 212.)

3

Nothing in the clemency order suggests Mr. Beckstrom was being pardoned for an earlier offense. So far as the court can determine, Mr. Beckstrom still has two earlier convictions on his record and if sentenced today, he would be sentenced to 25 years in prison, not 15 years.

In any event, even if Mr. Beckstrom's argument was accurate, the court notes that his sentence would still be appropriate under the revised sentencing requirements of § 841. As the United States points out, if Mr. Beckstrom were sentenced today, and if he had only one prior conviction, the mandatory minimum sentence would indeed be 15 years, but the maximum possible sentence would still be life in prison. Because Mr. Beckstrom's sentence of 20 years falls within that range, the court would not be inclined to revisit it.

For all of the above reasons, the court concludes Mr. Beckstrom has not shown an extraordinary or compelling reason for the court to modify his sentence.

## II.    Federal Prisoner Reentry Initiative

Mr. Beckstrom spends a significant portion of his motion and reply arguing that the Bureau of Prisons has wrongfully denied him permission to participate in a new Federal Prisoner Reentry Initiative created by the First Step Act. It is not entirely clear whether Mr. Beckstrom is actually seeking relief regarding this issue or is merely informing the court about his rejection, but for the sake of completeness, the court briefly addresses this issue as well.

As part of the First Step Act, Congress created a pilot program to allow certain offenders to serve part of their term of imprisonment in home confinement. § 504, 132 Stat. at 5233. Though Mr. Beckstrom applied for this program, his application was denied. (Exs. B & F to Pl.'s Reply (ECF Nos. 216-2 & 216-6).)

The court concurs with the Bureau of Prisons in finding that Mr. Beckstrom is not yet eligible for the program. In order to qualify, Mr. Beckstrom must have "served 2/3 of the term

of imprisonment to which [he] was sentenced." 34 U.S.C. § 60541(g)(5)(A)(ii). Mr. Beckstrom has been sentenced to 20 years in prison, which equals 7,305 days. He will have served two-thirds of this sentence once he has been incarcerated for 4,870 days. Including credit for time served prior to his sentencing, Mr. Beckstrom will pass this mark on January 17, 2021.

Mr. Beckstrom argues that these calculations are incorrect because they do not take into account his good character credits received while in prison. Under 18 U.S.C. § 3624(b)(1), "a prisoner who is serving a term of imprisonment of more than 1 year . . . may receive credit toward the service of the prisoner's sentence, of up to 54 days for each year of the prisoner's sentence imposed by the court, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations." Essentially, Mr. Beckstrom asks that the total number of days in his sentence be reduced by 54 days for each year of good behavior already completed (approximately 648 days, assuming Mr. Beckstrom received the maximum possible number of days allowed for each year he has been incarcerated). Under this revised calculation, Mr. Beckstrom completed two-thirds of his sentence on November 12, 2019, after he had been incarcerated for 4,438 days.

Mr. Beckstrom's proposed calculations are not supported by the law. Under 18 U.S.C. § 3624(b)(2), "credit awarded under this subsection . . . shall vest on the date the prisoner is released from custody." Accordingly, while Mr. Beckstrom may be actively accruing such credit, it has not "vested"—meaning it does not yet count toward anything—until the date he is released. The court is aware of no authority that would allow it (or the Bureau of Prisons) to take such credit into account for the purpose of administering the home confinement program.

5

**CONCLUSION**

For the reasons stated above, Mr. Beckstrom's motion to reduce sentence (ECF No. 213) is denied.

SO ORDERED this 25th day of February, 2020.

BY THE COURT:

TENA CAMPBELL
U.S. District Court Judge