IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KIM DAVIS BECKSTROM,<br><br>Defendant. | ORDER<br>AND<br>MEMORANDUM DECISION<br><br>Case No. 1:07-cr-89-TC |

In February 2020, the court denied Defendant Kim Beckstrom's pro se motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A) (often referred to as the "compassionate release" statute). (See Feb. 25, 2020 Order Denying Mot. to Reduce Sentence at 1 n.1, ECF No. 217 ("February 2020 Order").) Now Mr. Beckstrom, appearing pro se, has asked the court to reconsider its February 2020 denial. (See Mot. for Reconsideration of Mot. to Reduce Sentence, ECF No. 220.) For the reasons set forth below, the court denies his Motion.

## BACKGROUND[1]

Mr. Beckstrom, who will turn 65 years old in December 2022, is serving a 20-year sentence for a drug crime.[2] In April 2020, two months after the court denied his request for a

---

[1] The court gathers the background information from Mr. Beckstrom's Motion and the February 2020 Order.
[2] Mr. Beckstrom originally received a life sentence. In 2017, then-President Barack Obama issued an executive grant of clemency that reduced Mr. Beckstrom's sentence of incarceration to twenty years in prison.

1

sentence reduction, the Federal Bureau of Prisons released him to home confinement due to the COVID-19 pandemic.

In July 2020 he began working in a steady job. In support of his Motion, he has provided a letter from his employer praising his work ethic and contributions to the company. (See Ex. C to Mot. to Reconsider, ECF No. 220-3.)

Mr. Beckstrom also points out that he has been very compliant with the rules governing his restricted release. As a federal inmate in "Direct to Home Detention" placement, he is under the management of an entity that oversees his home confinement. He has provided a letter from his case manager explaining that Mr. Beckstrom has faithfully followed all the release requirements: "He is polite and courteous with my team; he is not a management problem. I have no issues or concerns to report specific to this inmate." (Ex. B to Mot. to Reconsider, ECF No. 220-2.) According to the case manager, Mr. Beckstrom is scheduled to be released from Federal custody on October 2, 2024.

As discussed below, the court finds that these new circumstances do not provide sufficient reason to grant the remedy Mr. Beckstrom seeks.

## **DISCUSSION**

In his Motion for Reconsideration, Mr. Beckstrom again relies on the compassionate release statute, which gives the court discretion to reduce a person's sentence for "extraordinary and compelling reasons." The statute directs that a court "may not modify a term of imprisonment once it has been imposed," 18 U.S.C. § 3582(c), unless the defendant's situation satisfies one of the limited exceptions. Under the exception relevant to Mr. Beckstrom's request, the court may reduce a sentence if (1) "extraordinary and compelling reasons warrant such a reduction," (2) consideration of the sentencing factors in 18 U.S.C. § 3553(a) supports release,

and (3) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).  The applicable Policy Statement § 1B1.13 describes four categories of "extraordinary and compelling reasons."  See U.S. SENTENCING GUIDELINES MANUAL Policy Statement § 1B1.13 cmt. n.1(A)-(D) (U.S. SENTENCING COMM'N 2021) (as amended Nov. 1, 2018).  Mr. Beckstrom focuses on two of those categories.

Mr. Beckstrom first alludes to the category in Subdivision (B), titled "Age of the Defendant."  Under that subdivision, a sentence reduction may be appropriate when the defendant is at least 65 years old, "is experiencing a serious deterioration in physical or mental health because of the aging process," and "has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less."  Id. cmt. n.1(B).  To the extent he is relying on that reason for reduction (and it is not clear that he is), he does not satisfy the requirements.  He will be not be 65 until December 2022.  But even if he were 65 now, and even though he has served at least ten years of his sentence, he has not provided evidence he is suffering from a "serious deterioration in physical or mental health because of the aging process."

Alternatively, Mr. Beckstrom cites to the "catch-all" category in Subdivision (D), simply titled "Other Reasons."  There, the Policy proposes reduction in the term of imprisonment if "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)."  Id. cmt. n.1(D).

In support of his renewed request, Mr. Beckstrom cites to this court's contemporaneous February 2020 decision granting federal prisoner Kepa Maumau's motion for compassionate release under the catch-all category.  See United States v. Maumau, No. 2:08-cr-758-TC, 2020 WL 806121 (D. Utah Feb. 18, 2020).  The Tenth Circuit affirmed the Maumau decision in April

2021. See United States v. Maumau, 993 F.3d 821 (10th Cir. 2021).

Mr. Beckstrom recites Mr. Maumau's characteristics and circumstances that the court found were "extraordinary and compelling reasons" justifying Mr. Maumau's early release. (See Mot. for Reconsideration at 3–4 (quoting Maumau, 993 F.3d at 827).) But he does not analogize Mr. Maumau's case to his, nor would he be able to do so convincingly.

An order granting compassionate release is highly dependent on the unique facts of the defendant's situation. What occurred in Maumau does not carry over to Mr. Beckstrom's case. In Maumau, the principal issues concerned not only Mr. Maumau's personal circumstances, but also the severity and disparity of his 55-year sentence and Congress' subsequent disapproval of "stacking charges" under 18 U.S.C. § 924(c).[3] See Maumau, 993 F.3d at 824, 826 (discussing First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 (2018)); Maumau, 2020 WL 806121, at *5 ("When considered together, this court is inclined to find that Mr. Maumau's age, the length of sentence imposed, and the fact that he would not receive the same sentence if the crime occurred today all represent extraordinary and compelling grounds to reduce his sentence.").

Moreover, Mr. Beckstrom provides very limited new information. The circumstances that have changed since the court's February 2020 Order do not support sentence reduction. Mr. Beckstrom simply

> requests the court find that the following reasons for requesting a reduction of sentence do fall within the extraordinary and compelling category:
>
> 1- Defendant has a clean and clear record from the time he was incarcerated to the present, and has provided documentation to support this claim, and

---

[3] "At the time of Maumau's convictions, 18 U.S.C. § 924(c) included a 'stacking' provision that required a district court to impose consecutive sentences of twenty-five years' imprisonment for second or subsequent convictions of the statute, even if those convictions occurred at the same time as a defendant's first conviction under the statute. As a result of that 'stacking' provision, Maumau was sentenced to a total term of imprisonment of 55 years." Maumau, 993 F.3d at 824.

4

2- Defendant has made a smooth transition back into society and is maintaining steady employment since July of 2020.

(Mot. to Reconsider at 4.) Those circumstances—alone or in combination with his age, crime, and length of sentence—do not constitute extraordinary and compelling reasons under Subdivision (D)'s "catch-all" category.

To Mr. Beckstrom's credit, he has apparently earned the right to release in October 2024, six years before the end of his 20-year sentence. But the record does not warrant release before then.

## ORDER

For the foregoing reasons, Kim Beckstrom's Motion for Reconsideration of Motion to Reduce Sentence (ECF No. 220) is denied.

DATED this 9th day of February, 2022.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
U.S. District Court Judge